UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NICCOL GORDON,**

    Plaintiff,

v.        No. 4:25-cv-00547-P

**COWTOWN EXPRESS LOGISTICS LLC ET AL.,**

    Defendants.

## ORDER

This case was transferred to this Court on May 20, 2025, when Judge Gujarati of the District Court for the Eastern District of New York accepted part of the findings, conclusions, and recommendations (the FCR) of Magistrate Judge Lois Bloom. ELECTRONIC ORDER, May 20, 2025, *accepting in part* ECF No. 51. Because Plaintiff proceeds *pro se*, the action was referred to Magistrate Judge Jeffrey Cureton when the case arrived here. ECF No. 58.

Certain portions of the FCR remain outstanding. The FCR made three recommendations: (1) to deny the Defendants' motion to dismiss, (2) to grant Defendants' motion to transfer venue, and (3) to deny Plaintiff's motion for default judgment against Defendant Carrier 411 Services, Inc. (Carrier 411). Plaintiff objected to the second and third recommendations. The District Judge adopted the second recommendation and left the first and third unresolved.

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.* Where no specific objections are filed, the Court reviews the Magistrate Judge's findings, conclusions, and recommendation only for plain error. *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

Defendants did not object to the recommendation to deny their motion to dismiss. The Court reviewed the findings and conclusions on that issue for plain error. Finding none, the Findings and Conclusions of Magistrate Judge Bloom are accepted as the Findings and Conclusions of the Court. Defendants' motion to dismiss is therefore **DENIED**.

Plaintiff objected to the FCR's recommendation not to grant default judgment against Carrier 411. That Defendant is currently in default. ECF No. 51 at 3. But Magistrate Judge Bloom recommended denying default judgment against Carrier 411, finding that Plaintiff had failed to establish the necessary facts supporting the Court's exercise of personal jurisdiction over Carrier 411.

The Court need not review Plaintiff's objection to the recommendation to deny her motion for default judgment because that issue has been mooted by the transfer to this District. As the FCR notes, the Court may not enter default judgment unless it is sure it has personal jurisdiction over the defendant. *Id.* at 16 (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011)). Therefore, in support of her motion for default judgment, Plaintiff had to establish that the District Court for the Eastern District of New York had personal jurisdiction over Carrier 411. Now that the case is proceeding here, the personal-jurisdiction question turns on an entirely different set of facts. Plaintiff's objection to the FCR is **OVERRULED** and her motion for default judgment is **DENIED without prejudice** as moot. Plaintiff may move for default judgment against Carrier 411 in this Court as the case proceeds before Magistrate Judge Cureton.

**SO ORDERED** on this **27th day of June 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2